## VAIL *v.* TERRITORY OF ARIZONA.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 67. Argued November 15, 1907.—Decided December 2, 1907.

*Stare decisis* is a wholesome doctrine, and, while not of universal application, is especially applicable to decisions affirming the validity of securities authorized by statute. Such decisions should be regarded as conclusive even as to those not strictly parties so as to prevent wrong to innocent holders who purchased in reliance thereon.

Where bonds of a county have been declared valid in a suit of which the county had knowledge, and was heard although not a party thereto, while the question may not be *res judicata* as against the county in a subsequent suit in which it is a party, under the doctrine of *stare decisis* the question should no longer be considered an open one.

The decisions of this court in *Utter v. Franklin*, 172 U. S. 416, and *Murphy v. Utter*, 186 U. S. 95, adhered to under the doctrine of *stare decisis*.

85 Pac. Rep. 652, affirmed.

THE facts are stated in the opinion.

*Mr. Samuel L. Kingan,* with whom *Mr. William Herring* was on the brief, for appellants:

The Supreme Court of Arizona felt bound upon all points raised in this case, save one, by the rule of *stare decisis,* that one being the compulsory character of the act. The rule was held applicable not by reason of the former decisions of the Arizona court, but because of the decisions of this court, and evidently the decisions in the mind of the court were *Utter* v. *Franklin,* 172 U. S. 416, and *Murphy* v. *Utter,* 186 U. S. 95. The Arizona court quite misconceived the meaning of *stare decisis* and the effects of the rule.

Not only must the point have been adjudicated, but it would appear that the precise point must have been agitated. By this we mean: That if it appear that the court should not have had presented to it a certain precise point in the earlier case, but such is presented in the case in being, the former case is not *stare decisis.* *Hart* v. *Burnett,* 15 California, 598; *Foxcroft* v. *Mallett,* 4 How. 355; *Boyd* v. *Alabama,* 94 U. S. 648.

The question of the validity, under the Constitution, of the acts of Arizona and of Congress was not presented, considered or adjudicated in *Utter* v. *Franklin,* 172 U. S. 416, nor in *Murphy* v. *Utter,* 186 U. S. 95. The doctrine of *stare decisis* does not apply.

Nor is the doctrine of *res judicata,* as distinguished from *stare decisis,* applicable. The estoppel can only apply as between the same parties and their privies, and upon the same claim or demand, and which particular demand or claim has been contested. The parties to the suits of *Utter* v. *Franklin* and *Murphy* v. *Utter,* supra, were Utter and his privies and the loan commission of Arizona and its privies, and they would be bound upon only contested points, upon the same claims and demands. In this action Utter and his privies are not parties the action is between the Territory of Arizona and Pima County; the claim and demand is entirely different, and the issues here have not been contested in any suit or court. *Outram* v. *Morewood,* 3 East, 346—opinion of Lord Ellenborough;

*Carter* v. *James*, 13 M. & W. 137–147; *Cromwell* v. *County of Sac*, 94 U. S. 351–353, 356, 361 and 363; *Nesbit* v. *Riverside Independent District*, 144 U. S. 610, 617; *Davis* v. *Brown*, 94 U. S. 423, 428; *Craft* v. *Perkins*, 83 Georgia, 760; *Howard* v. *Kimball*, 65 Maine, 308; *Smith* v. *Sherwood*, 4 Connecticut, 276; *Watts* v. *Watts*, 160 Massachusetts, 464; *Jacobson* v. *Miller*, 41 Michigan, 90—opinion by Cooley.

*Mr. William C. Prentiss*, with whom *Mr. E. S. Clark* and *Mr. Horace F. Clark*, were on the brief, for appellee.

MR. JUSTICE BREWER delivered the opinion of the court.

This was an application by the appellee, the Territory of Arizona, for a mandamus to compel the appellants, the supervisors of Pima County, to levy a tax to pay the interest due on certain bonds. The facts are these: In 1883 an act was passed by the territorial legislature (Laws Ariz., 1883, p. 61), directing Pima County to exchange its bonds for those of the Arizona Narrow Gauge Railroad Company. The amount of the bonds and the conditions of exchange were specified in the act. One hundred and fifty thousand dollars of bonds were so exchanged. Pima County denied its liability on the bonds, refused to pay the interest coupons and an action was brought thereon, which finally reached this court. *Lewis* v. *Pima County*, 155 U. S. 54. The act was held to be in violation of the restrictions imposed upon territorial legislatures by § 1889, Rev. Stat., as amended by the act of Congress of June 8, 1878, chap. 168 (20 Stat. 101), and the bonds were adjudged void. Subsequently, by acts of Congress and the territorial legislature, provision was made for the issue of Territorial, in exchange for these, bonds and for the payment of the principal and interest thereof by the county. The validity of this legislation came before us in *Utter* v. *Franklin*, 172 U. S. 416, where the different acts are fully stated. We sustained it, and adjudged that it was the duty of the loan commissioners to re-

fund the bonds. In *Murphy* v. *Utter*, 186 U. S. 95, the ruling was reaffirmed, and it was held that neither a change in the personnel of the loan commission nor an act of the legislature of Arizona abolishing the commission put an end to the duty of refunding.

The refunding having been made, the Territory thereafter called upon Pima County to pay the interest which the Territory had paid on the funded bonds. Upon its refusal to pay, this application was made to the Supreme Court of the Territory and it granted a mandamus, and from that decision the appellants have brought the case here. They challenge the validity of the refunding legislation, while the appellee contends that the matter is *res judicata,* or if not should, upon the doctrine of *stare decisis,* be regarded as foreclosed. In the two cases, 172 and 186 U. S., in which the validity of the refunding legislation was considered, Pima County was not nominally a party. The actions were brought by the holders of the bonds against the loan commission. Whether the county was technically bound by the decisions may be a question. It was heard by its attorney in the litigation, and was the party ultimately to be affected by the refunding. *Gunter* v. *Atlantic Coast Line,* 200 U. S. 273. But if it be not so bound, still under the doctrine of *stare decisis* the question should no longer be considered an open one. The county had full knowledge of the entire litigation, having been a party in the first action and been represented by its attorney in the last two. Any defense which could be made to the refunding of the bonds and the validity of the refunding legislation could have been raised in the last cases. This court considered every question that was presented, determined that the legislation was valid, and ordered that the bonds should be refunded. They have been refunded. They have gone into the channels of trade, and now after many years—for the case of *Utter* v. *Franklin* was decided in 1899—and when it is fair to presume that many have bought, relying upon the conclusiveness of the adjudication by this court, it might work a grievous wrong to overthrow those decisions and

hold the bonds void. *Stare decisis* is a wholesome doctrine. It is not of universal application, and there have been cases where a ruling once made was wisely changed; but when the decision is one affirming the validity of bonds, notes or bills of a limited amount, the issue of which had been in terms authorized by statute, such decision should generally be held conclusive, even as to those not strictly parties to the litigation, for otherwise, as we have said, much wrong might be done to innocent holders who bought in reliance upon the decision. We are of the opinion that the Supreme Court of Arizona was right, and its judgment is

*Affirmed.*